UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MICHELLE G. FONT, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
|      vs. | ) CAUSE NO.  1:11-cv-1723-WTL-MJD |
| | ) |
| WALGREENS, INC., et al., | ) |
| | ) |
|    Defendants. | ) |

## ENTRY ON MOTION TO REMAND

Plaintiff Michelle G. Font filed this action in the Marion County Superior Court asserting several state-law claims against her former employer, Walgreens, Inc., and her former supervisor at Walgreens, Greg Davidson. Font and Davidson are Indiana citizens; Walgreens is not.

The Defendants removed this case to this court, asserting that Davidson was fraudulently joined and therefore this Court has jurisdiction over this case because of the diversity of citizenship between Walgreens and Font. Font now asks this Court to remand her case to state court.

In response, the Defendants first argue that Font's motion to remand should be denied because it was untimely. That argument is without merit. If Davidson is a proper defendant in this case diversity jurisdiction is lacking; if diversity jurisdiction is lacking, this Court lacks subject matter jurisdiction over this case and it must be dismissed, whether Font filed a timely motion to remand, an untimely motion to remand, or no motion at all. The cases cited by the Defendants are easily distinguishable. In the first, *Tygart v. AM Resorts, LLC*, 2011 WL 4402549 (E.D. Pa. 2011), unlike in this case, diversity of citizenship–and therefore subject matter jurisdiction–existed. The Plaintiff's untimely motion to remand was based not on the lack

of diversity, but rather on the procedural (not jurisdictional) forum-state defendant rule. *See* 28 U.S.C. § 1441(b) (permitting removal based on diversity jurisdiction "only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought"). In the second, *Lambert v. Lapin*, 2009 WL 1588019 (E.D. Mo. 2009), while the court did note that the deadline for filing a motion to remand had expired, the court also found that diversity jurisdiction existed because the non-diverse Defendant named in the complaint was the Plaintiff herself and the plaintiff did not "have a colorable claim against herself." Likewise in the third case cited by the Defendants, *Air-Shields, Inc. v. Fullam*, 891 F.2d 63 (3rd Cir. 1989), diversity jurisdiction existed; the untimely motion to remand was based on the assertion that the removing Defendants had not complied with all of the procedural requirements of the removal statutes.

 Turning to the substantive issue of whether Davidson was fraudulently joined, despite its name, the doctrine of fraudulent joinder does not require the Defendants to demonstrate that Font joined Davidson in this case solely (or even partly) to destroy diversity jurisdiction. Rather, this Court may retain jurisdiction over this case if Font's claims against Davidson are "utterly groundless." *Walton v. Bayer Corp.*, 643 F.3d 994, 999 (7th Cir. 2011) (citing *Hagans v. Lavine*, 415 U.S. 528, 536–37 (1974); *McCurdy v. Sheriff of Madison County*, 128 F.3d 1144, 1145 (7th Cir.1997)).

 One of the claims Font asserts against Davidson is intentional infliction of emotional distress. The Defendants argue that that claim is groundless because "Indiana does not recognize the tort of intentional infliction of emotional distress in at-will employment termination situations" and "rarely" recognizes the tort in other at-will employment situations. Defendants'

2

Reply Brief at 6. While it is true that under Indiana law one cannot assert a claim for intentional infliction of emotion distress in order to recover for the stress caused by being terminated from an at-will position, the tort is available to an employee whose co-worker or employer treats her in a manner that constitutes intentional infliction of emotional distress under Indiana law, even if that treatment occurs in the workplace. *See*, *e.g., Bradley v. Hall*, 720 N.E.2d 747 (Ind. App. 1999). That is what Font alleges occurred in this case.

The Defendants argue that Font's intentional infliction of emotional distress claim against Davidson as currently pled would not withstand scrutiny under the federal pleading standard, and the Court does not disagree. However, that is irrelevant to the remand issue. The federal pleading standard requires a plaintiff to do more than demonstrate that her claim is not "utterly groundless" in order to survive a motion to dismiss, but that is all Font must do in order to succeed on her motion to remand. Font's claim is sufficiently pled under the more liberal Indiana pleading standard, under which "only where it appears that under no set of facts could the plaintiff be granted relief is dismissal appropriate." *National Wine & Spirits Corp. v. Indiana Alcohol & Tobacco Com'n*, 945 N.E.2d 182, 186 (Ind. App. 2011). It would be ironic indeed for this Court to find a claim to be "utterly groundless" under Indiana law when an Indiana Court would let that claim survive a motion to dismiss for failure to state a claim. Accordingly, the Court finds that Font did not fraudulently join Davidson in this case.

Because diversity of citizenship is not present, this Court lacks subject matter jurisdiction over this case and removal was improper. Accordingly, this case is **ORDERED REMANDED** to the Marion County Superior Court. **As required by 28 U.S.C. § 1447(c), the Clerk shall mail a certified copy of this remand order to the Clerk of the Marion County Superior Court.**

SO ORDERED: 7/24/12

_William T. Lawrence_
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to all counsel of record via electronic notification